UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| COREY ANDERSON,       ) | |
|     Plaintiff,       ) | |
|            ) | |
| v.       ) | Case No. 4:25-cv-4071-SEM-DJQ |
|            ) | |
| JACK HARLAN,       ) | |
|     Defendant.       ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Corey Anderson has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as

accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was housed at the Knox County Jail ("Jail"). Plaintiff's Complaint identifies Knox County Sheriff Jack Harlan as the sole Defendant.

Plaintiff alleges the Jail violated Illinois County Jail Standards by charging inmates for video visits and phone calls with family and friends. Plaintiff does not specify how much video visits cost. Plaintiff alleges the Jail charges $4.20 for a phone call, which Plaintiff claims is "outrageous." Due to the financial hardship, Plaintiff alleges he lost touch with his children and several family members.

Plaintiff also alleges he was locked in his cell for 31 hours, which caused him to suffer mentally and physically.

Finally, Plaintiff alleges the Jail does not provide an adequate law library. Plaintiff states he is unable to find rules and caselaw on the law library tablet app unless he knows the case name or number. Plaintiff also states he is unable to print documents.

### III. Analysis

Upon review of the allegations in the Complaint, Plaintiff has failed to state a claim for relief.

First, Plaintiff does not specify if he was a pretrial detainee or a convicted prisoner during the relevant time period. If Plaintiff was a convicted prisoner, his claims regarding the conditions of his confinement would be governed by the "cruel and unusual punishments" clause of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, if Plaintiff was a pretrial detainee and had not been convicted of a crime, his claims would arise under the Due Process Clause of the Fourteenth Amendment. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)).

Second, Plaintiff does not state if he is suing Defendant Sheriff Harlan in his official capacity, individual capacity, or both, nor does Plaintiff claim that Defendant Harlan was personally responsible for the policy to charge inmates for video visits and phone calls, the lockdown, or the allegedly inadequate law library. Section 1983 does not allow actions against individuals based on their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Turning to Plaintiff's allegations regarding video visits and phone calls, "prison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members . . . ." *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018); *see also Mayo v. Lane*, 867 F.2d 374 (7th

Cir. 1989) (prisoners retain limited constitutional right to associate with family members).

Here, however, Plaintiff does not allege that he was denied phone calls or video visits. Instead, Plaintiff alleges he was charged an unspecified amount for video visits and paid $4.20 for phone calls, in violation of Illinois County Jail Standards. "[A] violation of administrative rules or other state law does not give rise to a federal constitutional claim." *Lunford v. Zawitowski,* No. 3:22-CV-78-JD-MGG, 2022 WL 558334, at *3 (N.D. Ind. Feb. 23, 2022) (citing *Wozniak v. Adesida,* 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.")).

Plaintiff alleges he was placed on lockdown in his cell for 31 hours. It is unclear from his Complaint when the lockdown occurred and how many days it lasted. Plaintiff fails to state a claim regarding the alleged lockdown.

To establish an access-to-courts claim based on the allegedly inadequate law library, Plaintiff must allege facts plausibly suggesting that, "[jail] official failed to assist in the

preparation and filing of meaningful legal papers [and] some quantum of detriment caused by the challenged conduct of [the officials]." *Lehn v. Holmes,* 364 F.3d 862, 868 (7th Cir. 2004). To show detriment, Plaintiff must allege facts plausibly establishing "that some action by the [jail] has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). Plaintiff's allegations are insufficient to proceed on an access-to-courts claim.

For these reasons, Plaintiff's Complaint must be dismissed for failure to state a claim. However, the dismissal is without prejudice. Plaintiff will be granted an opportunity to file an amended complaint. If Plaintiff files an amended complaint, he MUST specify if he was a pretrial detainee or a convicted prisoner at the time of the alleged events.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED, without prejudice, for failure to state a claim.**

2) **Plaintiff is granted leave to file an amended complaint, within 21 days. If Plaintiff does not file an amended complaint by that date, or if the amended complaint still fails to state a claim, then this case will be dismissed with prejudice.**

ENTERED October 2, 2025.

        s/ *Sue E. Myerscough*

--------------------------------
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE