UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| COREY ANDERSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-4071-SEM-DJQ |
| | ) |
| JACK HARLAN, | ) |
|     Defendant. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Corey Anderson filed a Complaint under 42 U.S.C. § 1983. On October 2, 2025, the Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim and gave Plaintiff leave to amend. (Doc. 7). The Court warned Plaintiff this case would be dismissed with prejudice if his Amended Complaint still failed to state a claim. *Id.* at p. 6.

On November 19, 2025, Plaintiff filed an Amended Complaint. (Doc. 10). This matter is now before the Court for screening. For the following reasons, Plaintiff's Amended Complaint fails to state a claim, and this case is dismissed with prejudice.

## I. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing Plaintiff's Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Amended Complaint, Plaintiff was detained at the Knox County Jail ("Jail"). Plaintiff files suit against the Jail, Knox County Sheriff Jack Harlan, and Correctional Officers Lindsey May, Barbara Schulz, Brad Abernathy, and Turn Key.

First, Plaintiff alleges the Jail implemented a policy to eliminate in-person visits and replace them with video visits. Plaintiff states the Jail charges a $6.48 fee and a $9.00 processing fee for a 15-minute video visit. Plaintiff alleges the fees are too costly. As a result, he is unable to visit with his fiancé and family members. Plaintiff asserts the Jail's policy is not rationally related to legitimate penological interests.

Second, Plaintiff alleges the Jail implemented a policy or custom to confine Plaintiff and other inmates to their cells for 31 hours. Plaintiff alleges he was confined to his cell for 31 hours on February 28, 2025, March 1, 2025, and March 2, 2025, and was denied access to recreation, programming, medical care, and the law library. Plaintiff filed a grievance on March 1, 2025, and received a response from Defendant Abernathy, who stated that "the facility has been on this same tier system before and IDOC is aware and has no issues with how we run this facility." (Doc. 10 at p. 3).

Third, Plaintiff alleges he was denied access to the courts because the Jail's law library is inadequate. Plaintiff alleges the library staff cannot print cases or locate necessary legal

materials. On April 19, 2025, Plaintiff asked to print legal documents, but Defendant Abernathy allegedly told him that "printing is not available for inmates." *Id.* The same day, Plaintiff filed a grievance requesting the ability to print legal paperwork. Plaintiff received a final response to his grievance from Defendant Abernathy, who advised Plaintiff to "ask the courts for assistance." *Id.*

### III. Analysis

Upon review of the allegations in the Amended Complaint, Plaintiff has failed to state a claim for relief.

Plaintiff attempts to allege three claims in his Amended Complaint: (1) a claim regarding the Jail's video-only visitation policy; (2) a conditions of confinement claim regarding 31-hour lockdowns; and (3) an access to courts claim based on the Jail's allegedly inadequate law library and inability to print legal documents.

The Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("'Sangamon County Jail' is not a

'person' that may be sued under § 1983"); *Wright v. Porter Cnty.*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) ("the jail…is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations"). The Knox County Jail is dismissed.

Plaintiff named Defendants Sheriff Harlan and Correctional Officers Lindsey May, Barbara Schulz, and Turn Key, but he did not include any specific allegations against them in the body of his Amended Complaint to explain how they were personally involved in violating his constitutional rights. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendants Harlan, May, Schulz, and Key are dismissed.

That leaves Defendant Brad Abernathy. Plaintiff alleges Defendant Abernathy responded to his grievances regarding

the 31-hour lockdowns and his request to print legal documents. Plaintiff's threadbare allegations are insufficient to state a claim. Additionally, "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Plaintiff also alleges Defendant Abernathy did not grant his request to print legal documents on April 19, 2025. To establish an access to courts claim, Plaintiff must allege facts plausibly suggesting that the "[jail] officials failed to assist in the preparation and filing of meaningful legal papers . . . [and] some quantum of detriment caused by the challenged conduct of [the] officials." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995)). In a conclusory fashion, Plaintiff alleges he is representing himself in "ongoing legal matters, including the criminal case underlying the current detention," but he does not allege "that some action by the [jail] has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012); Doc. 10 at p. 3.

Plaintiff's allegations are insufficient to proceed on an access to courts claim against Defendant Abernathy. Defendant Abernathy is dismissed.

For these reasons, Plaintiff's Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds any further amendment would be futile, as Plaintiff has had multiple opportunities to allege a viable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. This case is closed. The Clerk is directed to enter a judgment.**

2) **This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the remainder of $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior Order. (See d/e 8/1/2025).**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days**

**of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED December 5, 2025.

s/ *Sue E. Myerscough*

---
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE